Filed 5/27/26  P. v. Gefrerer CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>STACY LYNN GEFRERER,<br><br>     Defendant and Appellant. | A174677<br><br>(Sonoma County<br>Super. Ct. No. 23CR01214) |

Defendant Stacy Gefrerer appeals from a judgment sentencing her to six years in prison after she pled no contest to felony counts of arson of a structure and stalking.  Her appellate counsel asked the court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436.  Gefrerer was informed of her right to file a supplemental brief and did not do so.  After independently reviewing the record, we find no arguable issues and affirm.  We also order correction of a clerical error in the abstract of judgment.

# I.
## FACTUAL AND PROCEDURAL BACKGROUND

John Doe briefly dated Gefrerer before the relationship ended in mid-2020.[1] In May 2022, Gefrerer shot out the window of his car with a BB gun, and that December she broke into his apartment and threw things at him. In June 2023, she damaged his mother's car, which was parked outside his residence. Throughout the summer of 2023, Gefrerer sent Doe numerous text messages from over 20 different phone numbers.

Around August 2023, Doe began seeing another woman, M.E. Soon afterward, M.E. and Gefrerer "had a verbal interaction" while Doe was in M.E.'s car with M.E. Gefrerer then shot a flare gun at M.E.

On September 5, 2023, M.E. visited Doe and left her car parked outside his residence. After being alerted by a neighbor, Doe went outside to see that his own car "was fully engulfed in flames." There were also burn marks on the seats in M.E.'s car. Before this incident, Gefrerer sent threatening text messages to Doe, including one that said, "I might just burn your place down you fucking loser." And early on the morning of September 6, the day after burning the vehicles, Gefrerer sent Doe a text message stating that "[t]here may or may not be a fire going on in your mom's house." Doe's mother then discovered "a window that was broken and burned."

An information charged Gefrerer with five felony counts: two counts of arson of property (Doe's car and M.E.'s car), and one count each of arson of an inhabited structure (Doe's mother's house), stalking of Doe, and injury to

---

[1] The underlying facts are drawn from the preliminary hearing. Gefrerer's trial counsel stipulated to a factual basis for the plea "based on [his] own investigation."

Doe, a person with whom she had a dating relationship.[2]  The three arson counts were accompanied by allegations that Gefrerer was previously convicted of arson, and that previous conviction and two others were alleged to be prior strikes.[3]

In February 2025, under a plea deal, Gefrerer pled no contest to arson of an inhabited structure and stalking and admitted the prior arson conviction in exchange for a six-year sentence and dismissal of the remaining charges and enhancement allegations.  Later that month, consistent with the plea agreement, the trial court sentenced her to a total term of six years in prison.  The sentence was composed of the low term of 16 months, doubled because of the strike, for stalking, and a consecutive term of 20 months, one-third the midterm, doubled because of the strike, for arson of an inhabited structure.  She was awarded 486 days of actual credits and 72 days of conduct credits, for a total of 558 custody credits.

Gefrerer filed an untimely notice of appeal in August 2025.  After this court granted her motion for constructive filing of the notice, the trial court granted her request for a certificate of probable cause.  In her certificate request, Gefrerer stated that she (1) did not remember agreeing to a great

---

[2] The charges were brought under Penal Code sections 451, subdivisions (b) (arson of inhabited structure) and (d) (arson of property), 646.9, subdivision (a) (stalking), and 273.5, subdivision (a) (injury to person in dating relationship).  All further statutory references are to the Penal Code.

[3] The arson enhancement allegations were made under section 451.1, subdivision (a), based on a conviction of arson of property under section 451, subdivision (d), for a 2003 offense.  The prior-strike allegations were made under sections 667, subdivisions (a), (d), and (e), and 1170.12, subdivisions (b) and (c), based on the prior arson conviction and convictions for two other offenses committed at the same time, robbery under section 211 and carjacking under section 215.  The information also alleged numerous aggravating factors under California Rules of Court, rule 4.421(a) and (b).

bodily injury (GBI) enhancement in the plea agreement and (2) thought she would receive 515 actual credits and 515 conduct credits, not 558 custody credits total.

## II.
### DISCUSSION

We begin by discussing the two concerns Gefrerer raised in requesting a certificate of probable cause. The first is easily disposed of, as no GBI enhancement was imposed as part of her sentence. Thus, she did not receive a sentencing enhancement to which she did not agree.

The second concern bears more discussion. Gefrerer's custody credits were calculated under section 2933.1, which "restricts presentence conduct credits to no more than 15 percent of the overall time spent in local custody for defendants convicted of a violent felony" specified in section 667.5, subdivision (a). (*People v. Brown* (2020) 52 Cal.App.5th 899, 903; § 2933.1, subd. (c).) One such felony is arson under section 451, subdivision (b), one of the offenses Gefrerer was convicted of in the instant case. (§ 667.5, subd. (c)(10).) Thus, the trial court correctly calculated that based on her 486 days of actual credits, she was entitled to 72 days of conduct credits, "the greatest whole number of days which does not 'exceed 15[]percent of the actual period of confinement.' " (*People v. Ramos* (1996) 50 Cal.App.4th 810, 816.)[4]

The record does not support Gefrerer's assertion that she was nonetheless supposed to receive equal numbers of actual credits and conduct credits under the plea agreement. Gefrerer initialed a box on her plea form

---

[4] Our record does not contain enough information to determine whether Gefrerer is right that she was entitled to 515 actual credits, not 486. In any case, her remedy would have been to ask the trial court to correct the error in the first instance. (See § 1237.1.)

4

indicating that she understood she would receive "[r]educed conduct credits" based on "(Violent Felony) (Prior Strike(s)) (Murder)." When she entered the plea, she agreed with the trial court that she read, understood, and initialed the plea form. Although Gefrerer asserted that on "[t]he day of [her] sentencing" her trial counsel told her she "had a ton of credits" and "would be getting [her] good/work credits," such statements are technically correct given that she did receive nearly 500 days of total credits and did receive some conduct credits. In any case, Gefrerer has never indicated that she would not have entered the plea had she realized her conduct credits would be limited. In short, we see no basis for allowing her the opportunity to withdraw the plea.

Having independently reviewed the record, we perceive no other potential errors in the entry of the plea or the sentencing proceedings. Gefrerer was advised of her constitutional rights and the consequences of her plea before she entered it. The trial court found that her waiver of rights was knowing and intelligent, that the plea was free and voluntary, and that there was a factual basis for the plea. She was represented by counsel throughout the proceedings. There are no meritorious issues to be argued on appeal. (See *People v. Wende, supra,* 25 Cal.3d at pp. 441–443.)

There is, however, a clerical error in the abstract of judgment. The abstract reflects that Gefrerer received a concurrent term of the midterm of three years and four months for the arson conviction, but that term was actually a consecutive term of one-third the midterm. Thus, we direct the trial court to amend the abstract of judgment to correct the error.

### III.
#### DISPOSITION

The judgment is affirmed. The trial court is directed to amend the abstract of judgment to reflect that Gefrerer received a consecutive term of

5

one-third the midterm for the arson conviction and forward a copy of the amended abstract to the Department of Corrections and Rehabilitation.

_____

Humes, P. J.

WE CONCUR:


_____

Banke, J.



_____

Smiley, J.


*People v. Gefrerer*  A174677

7